UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SARA BURKE

CASE NO. 8:13-CR- 293 35-TBM
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (CONSPIRACY)

**A. The Conspiracy**

1. Beginning on an unknown date prior to January 18, 2011, and continuing thereafter, through and including at least March 16, 2011, in the Middle District of Florida and elsewhere,

**SARA BURKE,**

the defendant herein, knowingly and willfully did combine, conspire, confederate and agree, with others, both known and unknown to the Grand Jury, to commit certain offenses, specifically:

(a) To devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire and radio communication in interstate and foreign commerce of any writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343;

(b)   To make and present, and to cause to be made and presented, to the Internal Revenue Service, an agency of the U.S. Department of the Treasury, claims against the United States for payment, specifically, U.S. Individual Income Tax Returns, which the co-conspirators knew to be false, fictitious, and fraudulent with respect to material facts, in violation of Title 18, United States Code, Section 287; and

(c)   To knowingly and willfully steal, embezzle, purloin and convert to their own use and the use of others more than $1,000 in United States currency with the intent to deprive the owner of the use and benefit of the property so taken, said funds being fraudulently issued tax refunds, which were the property of the United States Treasury, and of the United States of America, in violation of Title 18, United States Code, Section 641.

## B. Manner and Means

2.   The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

(a)   It was a part of the conspiracy that defendant SARA BURKE and others known and unknown to the Grand Jury would and did use stolen and fraudulently obtained personal identifying information, including names and social security numbers, of individuals to prepare fraudulent U.S. income tax returns using that personal identifying information.

(b)   It was further part of the conspiracy that defendant SARA BURKE and others known and unknown to the Grand Jury would and did electronically file fraudulent federal income tax returns in order to generate and obtain tax refunds to which they were not entitled.

(c) It was further part of the conspiracy that defendant SARA BURKE and others known and unknown to the Grand Jury would and did direct that some of the fraudulently obtained tax refunds be deposited onto reloadable debit cards.

(d) It was further part of the conspiracy that defendant SARA BURKE and others known and unknown to the Grand Jury would and did use the fraudulent tax refunds to obtain cash and goods for their own benefit and the benefit of others.

(e) It was further part of the scheme and artifice to defraud that defendant SARA BURKE would and did electronically file 36 fraudulent federal income tax returns requesting over $65,000 in tax refunds and resulting in tax refunds of over $45,000.

### C. Overt Acts

3. In furtherance of and to affect the objectives of the conspiracy, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

(a) On or about the dates set forth below, each of which constitutes a separate overt act, defendant SARA BURKE electronically filed fraudulent 2011 U.S. Individual Income Tax Returns using the names and social security numbers of individuals that she obtained from a co-conspirator located in the Middle District of Florida:

| Date | Initials |
| --- | --- |
| (1) January 18, 2011 | A.M.O. |
| (2) January 18, 2011 | K.D.H. |
| (3) January 24, 2011 | G.J. |

| | | |
|---|---|---|
| (4) | January 24, 2011 | V.G. |
| (5) | February 5, 2011 | R.G. |
| (6) | February 7, 2011 | A.T. |
| (7) | February 7, 2011 | A.L.F. |
| (8) | February 8, 2011 | J.G. |
| (9) | February 8, 2011 | A.L.F. |
| (10) | February 8, 2011 | R.M. |
| (11) | February 8, 2011 | D.K. |
| (12) | February 14, 2011 | H.L.M. |
| (13) | February 14, 2011 | J.H. |
| (14) | February 15, 2011 | J.D. |
| (15) | February 15, 2011 | P.M. |
| (16) | February 15, 2011 | V.F. |
| (17) | March 7, 2011 | P.A. |
| (18) | March 7, 2011 | D.M. |
| (19) | March 7, 2011 | C.E. |
| (20) | March 7, 2011 | C.J. |
| (21) | March 7, 2011 | J.C. |
| (22) | March 7, 2011 | J.W. |
| (23) | March 8, 2011 | G.D. |
| (24) | March 8, 2011 | M.E. |
| (25) | March 8, 2011 | D.F. |
| (26) | March 8, 2011 | E.E. |
| (27) | March 8, 2011 | A.B.G. |
| (28) | March 8, 2011 | D.E. |
| (29) | March 8, 2011 | S.E. |
| (30) | March 9, 2011 | C.F. |
| (31) | March 15, 2011 | M.F. |
| (32) | March 15, 2011 | K.G. |

| (33) March 15, 2011 | E.F. |
|---|---|
| (34) March 15, 2011 | K.F. |
| (35) March 16, 2011 | I.G. |
| (36) March 16, 2011 | A.E. |

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE

1.  The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the violations of Title 18, United States Code, Section 371 (conspiracy to violate sections 1343 and 641), alleged in Count One of this Indictment, defendant SARA BURKE shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to those violations.

3.  The property to be forfeited includes, but is not limited to a forfeiture money judgment of at least $45,783.00, representing the total amount of proceeds obtained as a result of the violations.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

ROBERT E. O'NEILL
United States Attorney

By: *[signature]*
DONALD L. HANSEN
Assistant United States Attorney
Senior Litigation Counsel

By: *[signature]*
W. STEPHEN MULDROW
Assistant United States Attorney
Chief, General Crimes Section