UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cr-293-T-35TBM

SARA BURKE

### UNITED STATES' MOTION FOR FORFEITURE MONEY JUDGMENT

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America hereby moves for a forfeiture money judgment against the defendant in the amount of $45,783.00, representing the proceeds from the conspiracy to commit wire fraud and theft of government property charged in Count One of the Information.

The United States further moves that, in accordance with her Plea Agreement (Doc. 4, p. 9), the order of forfeiture become final as to the defendant at the time it is entered.  In support of its motion, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

I. **Statement of Facts**

   A. **Allegations Against the Defendant**

   1. The defendant was charged in an Information with conspiracy to: (1) commit wire fraud, (2) file false claims, and (3) steal government property, in violation of 18 U.S.C. § 371.

2. The Information also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek a forfeiture money judgment in the amount of $45,783.00, representing the amount of proceeds traceable to the conspiracy.

**B.     Findings of Guilt and Admissions of Fact**

3. On July 15, 2013, the defendant pled guilty to Count One of the Information before United States Magistrate Judge Thomas B. McCoun, III, who recommended that the defendant's guilty plea be accepted.  Docs. 7, 10.  The defendant's sentencing is currently set for October 17, 2013.

4. On pages 15 through 17 of her Plea Agreement, the defendant admitted, among other things, that from approximately January 18, 2011, through and including March 16, 2011, the defendant used stolen identities to electronically file 36 fraudulent federal income tax returns in the amount of approximately $65,000.00.  Although some of these returns were rejected by the Internal Revenue Service, the defendant successfully filed 25 fraudulent returns using stolen identities and obtained approximately $45,783.00 in tax refunds as a result of her fraudulent activities.

**C.     Admissions Related to Forfeiture**

5. In her plea agreement, the defendant also admitted that the United States was entitled to a forfeiture money judgment in the full amount of the

proceeds of Count One, which she admitted was at least $45,783.00, and, accordingly, she consented to a forfeiture money judgment in that amount.   Doc. 4, p. 8.

II.     **Applicable Law**

The United States is entitled to a forfeiture money judgment against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2.   The United States may civilly forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds of any "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.   This includes violations of section 641.   A "specified unlawful activity" also includes any act or activity constituting an offense listed in section 1961(1), which includes violations of section 1343.   Because the United States is entitled to civilly forfeit proceeds of such activity, it may criminally forfeit the proceeds pursuant to 28 U.S.C. § 2461(c), which authorizes the criminal forfeiture of any property that can be forfeited civilly, using the procedures set forth in 21 U.S.C. § 853.

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States.   *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).   Federal Rule of Criminal Procedure 32.2(b)(1)

**United States' Motion for Forfeiture Money Judgment - Page 3**

provides that, where the government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay.

Because the United States could not locate specific property constituting or derived from the proceeds the defendant received from the conspiracy it seeks a forfeiture money judgment in the amount of $45,783.00 against the defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). If the Court finds that the defendant obtained at least $45,783.00 as a result of the defendant's crime alleged in Count One, then it is appropriate for the Court to enter a forfeiture money judgment against the defendant in that amount, pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), enter a forfeiture money judgment against the defendant in the amount of $45,783.00.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that, in accordance with her Plea Agreement (Doc. 4, p. 9), the order of forfeiture become final as to the defendant at the time it is entered.

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute asset forfeited to the United States up to the amount of the forfeiture money judgment.

Respectfully submitted,

A. LEE BENTLEY, III
Acting United States Attorney

By:     *s/Natalie Hirt Adams*
NATALIE HIRT ADAMS
Assistant United States Attorney
USA NO. 141
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
(813) 274-6220 – facsimile
E-mail: natalie.adams@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald L. Hansen
Assistant United States Attorney

John M. Fitzgibbons, Esquire
Kevin E.J. Regan, Esquire

*s/Natalie Hirt Adams*
NATALIE HIRT ADAMS
Assistant United States Attorney