# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**SARA BURKE**

**Case Number. 8:13-cr-293-T-35TBM**
**USM Number: 58943-018**

**Kevin E.J. Regan, Retained**
**John Murray Fitzgibbons, Retained**

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Information. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to file fraudulent federal tax returns. | March 16, 2011 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

March 12, 2014

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

March 14, 2014

**Sara Burke**
**8:13-cr-293-T-35TBM**

# PROBATION

## The defendant is hereby placed on probation for a term of SIXTY (60) Months.

While on probation, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The mandatory drug testing requirement of the Violent Crime Control Act are waived.  However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least TEN (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Sara Burke**
**8:13-cr-293-T-35TBM**

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

- The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases (defined as $1,000 or more) without approval of the Probation Officer.

- The defendant shall provide the probation officer access to any requested financial information.

- The defendant shall refrain from engaging in any employment related to assembly, completion, or processing of tax returns, and any other tax matters. This employment restriction does not include standard Human Resource work.

- You shall cooperate with the Internal Revenue Service, regarding all outstanding taxes, interest, and penalties relating to the offense conviction.

- You shall fully cooperate with the Internal Revenue Service and in keeping with that cooperation, you shall pay all outstanding taxes, interest, and penalties relating to the offense of conviction. Furthermore, you shall provide the probation officer with verification that the income tax obligations are being met to the fullest extent possible.

- The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Sara Burke**
**8:13-cr-293-T-35TBM**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | waived | $45,783 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. **Restitution is payable to the Clerk, U.S. District Court for distribution to the victim.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Clerk, U.S. District Court<br>Sam M. Gibbons U.S. Courthouse<br>801 N. Florida Ave.<br>Tampa, Fl. 33602 | $45,783 | $45,783 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Restitution: The defendant is ordered to begin making payments of **$200.00** per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cr-293-T-35TBM

SARA BURKE

**FORFEITURE MONEY JUDGMENT**

THIS CAUSE comes before the Court upon the United States' Motion for a Forfeiture Money Judgment in the amount of $45,783.00.

Being fully advised of the relevant facts, the Court hereby finds that the defendant obtained at least $45,783.00 in proceeds from the conspiracy to which she pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held liable for a forfeiture money judgment in the amount of $45,783.00.

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the

forfeiture and disposition of such property, and to order any substitute asset forfeited to the United States up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 14th day of March, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
Natalie Hirt Adams, AUSA
Counsel of Record

2